[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (DOCKET ENTRY NO. 115)
The defendant caused a citation for contempt and motion for modification of child support to be served upon the plaintiff by certified mail on April 15, 2000. Service by certified mail was made upon the plaintiff at his present home in Scottsdale, Arizona. The summons was for May 4, 2000. By agreement of the parties, the matter was heard on May 25 and May 26, 2000.
On January 8, 1992, the parties entered into a separation agreement, which agreement was incorporated in the judgment of the court dissolving the marriage of the parties. Pursuant to the terms of the agreement and judgment, the plaintiff was ordered to pay to the defendant, commencing CT Page 7860 on January 3, 1996, the sum of $1600 per month for the support of the parties two minor children. There is at present an arrearage of child support of $30,375 to May 25, 2000. (See plaintiff's exhibit B.)
At the time of the original decree, the plaintiff was employed as the creative director for the American Comedy Network earning $94,000 per year. As creative director, his job was to oversee production of comedy for radio. His base salary increased to $108,000 for 1995. In May, 1996 his job was terminated and he received severance pay to November, 1996. Until that time, he paid support in accordance with the court's decree. Beginning November 15, 1996, the plaintiff paid no support until May, 1997. Since that time, support payments first were $500 per month, then $750 per month until June, 1999 when payments were increased to $1,250 per month and then in October to $1,400 per month continuing at that amount until May of this year when a payment of $1,000 was made. Actual payments are set forth in the plaintiff's financial affidavit dated May 25, 2000. At no time since November, 1996 has a payment of $1600 per month been made.
During the period November, 1996 until November, 1998, the plaintiff did freelance work producing radio communications through ad agencies. In November, 1998, he obtained full time employment with his current employer Millennium Creative Group, Inc. He receives a weekly salary plus a percentage of whatever business he brings in. In 1998 he received $42,000 as salary. In June, 1999 his salary was increased to $60,000. In 1999 he obtained a client for television commercials and with his percentage grossed $170,000. This was an unexpected and unanticipated "windfall." With this unexpected income, he paid off $61,000 in credit card debt, paid back his mother $8,000 of $40,000 owed to her, purchased a home, funded an investment account with his wife and funded an SEP-IRA account. He made no payment on arrearages to the defendant. Defendant's counsel argues that there was no intentional or wilful violation of the court's orders by the plaintiff in 1996, 1997 or 1998 since the plaintiff was unable to pay the court ordered support. She argues, however, that for the year 1999, the defendant and their two children were not the plaintiff's top priority and that there was a wilful and intentional violation of the court's order for support.
It is the plaintiff's position that he was led to believe that he should pay what he could and "it would be okay." Some time the latter portion of 1996 to the present, the plaintiff has been represented by counsel. The defendant has likewise been represented by counsel and there were negotiations between counsel during this period. On October 25, 1996, the plaintiff, representing himself, prepared and filed a motion for modification requesting that the court modify its previous orders due to "loss of employment." This motion, order of hearing dated October 31, CT Page 7861 1996 and notice of hearing was served upon the defendant on November 4, 1996. A hearing was scheduled for November 21, 1996, at 10:00 a.m. (See plaintiff's exhibit A.) The original motion was never filed in court. The matter was calendared to be heard on November 21. The short calendar for November 21 indicates the case was marked ready and an order was subsequently entered by agreement of counsel that all orders were to be retroactive to November 21. On May 25, 2000, this motion was first evidenced to the court. The plaintiff wished to proceed on this motion and to seek retroactive modification to November 21, 1996. The court ruled, however, pursuant to Practice Book § 25-34(c) that the motion was abandoned. Plaintiff's motion for hearing on motion for modification dated October 25, 1996 was, likewise, denied.
Defendant's counsel's objection to the offer of letters between counsel was sustained and these letters have been marked plaintiff's exhibit D for identification only. Plaintiff's counsel's offer on these letters included a claim that they were offered also on the issue of intent on defendant's claim of contempt. On this issue, the letters may well have been relevant.
The court finds that the plaintiff did not intentionally and wilfully violate the court's orders. The motion for contempt is, therefore denied. On the issue of arrearage, it is clear from the testimony that the defendant did not intend to waive her claim of arrearage. She expected to receive some kind of retroactive order for support. It is clear from the marking at short calendar on November 21, 1996 that all orders were to be retroactive to that date. The parties must be given the opportunity to offer evidence on the short calendar marking and for argument on its significance. The determination of an arrearage is reserved until the parties are heard further.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE